**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON**

**MARK DEWAYNE PRICE,**

　　　　**Petitioner,**

**v.**　　　　　　　　　　　　　**Case No. 2:09-cv-01538**

**DAVID BALLARD, Warden,
Mount Olive Correctional Complex,**

　　　　**Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATION**

On December 23, 2009, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (docket # 1). This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

**PROCEDURAL HISTORY**

According to the Petition, in 1982, Petitioner was convicted by a Kanawha County, West Virginia jury of first degree murder and sentenced to life imprisonment without a recommendation of mercy. State v. Price, No. 81-F-219 (Cir. Ct. Kanawha Co. Sept. 16, 1982). His petition for appeal to the Supreme Court of Appeals of West Virginia was denied.

Petitioner has filed a series of petitions for a writ of

habeas corpus in the Circuit Court of Kanawha County.  His prior state petitions are detailed in an Order Granting Respondent's Motion for Summary Judgment, entered by the Circuit Court of Kanawha County on May 27, 2009, in <u>Price v. Ballard</u>, No. 08-MISC-79 (Zakaib, J.).  (Petition, # 1, at 17-18; complete version at # 4.)

Petitioner has also filed at least one prior petition for a writ of habeas corpus in this Court, <u>Price v. Kirby</u>, No. 2:95-cv-270 (S.D. W. Va. Oct. 23, 1995), which was dismissed for being a successive petition.  The undersigned has not located the prior federal petition.

## <u>ANALYSIS</u>

On April 24, 1996, a one-year limitation for filing of federal habeas corpus petitions was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA").  The AEDPA provides, in part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

or

> (D) the date on which the factual predicate of the claim
> or claims presented could have been discovered through
> the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) further provides:

> The time during which a properly filed application for
> State post-conviction or other collateral review with
> respect to the pertinent judgment or claim is pending
> shall not be counted toward any period of limitation
> under this subsection.

28 U.S.C. § 2244(d)(2).

Petitioner's conviction became final in or about 1983, when the time for filing a petition for a writ of certiorari expired after the denial of his petition for appeal.  See Harris v. Hutchinson, 209 F.3d 325, 325 (4th Cir. 2000)(the time period for seeking direct review of a state court conviction concludes when either the period for filing a petition for a writ of certiorari in the Supreme Court expires, or when such writ is denied by the Supreme Court).  Prior to April 24, 1996, there was no period of limitations for filing habeas corpus petitions in federal court. After the enactment of AEDPA, a prisoner had one year after April 24, 1996 to file a federal habeas petition, if the prisoner did not have one filed at that point, or if the prisoner did not have a pending State habeas corpus petition.

Thus, under section 2244(d)(1)(A), in order to obtain federal habeas corpus review of his conviction, prior to April 23, 1997, Petitioner must have properly filed an application for state post-

conviction or other collateral review, which would have tolled the statute during the pendency of those proceedings. 28 U.S.C. § 2244(d)(2). According to the Order Granting Respondent's Motion for Summary Judgment in <u>Price v. Ballard</u>, Petitioner's first state petition was filed on April 11, 2000, nearly three years after the period of limitation enacted by AEDPA expired.

The undersigned proposes that the presiding District Judge **FIND** that Petitioner's section 2254 petition is untimely under 28 U.S.C. § 2244(d)(1).

<u>**RECOMMENDATION**</u>

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge dismiss this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such

4

objection.   Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals.  Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).   Copies of such objections shall be served on Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Petitioner, and to transmit it to Silas B. Taylor, Managing Deputy Attorney General.

February 9, 2010
      Date

Mary E. Stanley
United States Magistrate Judge