```
             UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

**MARK DEWAYNE PRICE,**

    Petitioner

v.                        CIVIL ACTION NO. 2:09-1538

**DAVID BALLARD, Warden,**
Mount Olive Correctional Complex,

    Respondent

<u>MEMORANDUM OPINION AND ORDER</u>

Pending is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed December 23, 2009, by Mark Dewayne Price. This action was previously referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to the court of her proposed findings and recommendation ("PF&R") for disposition pursuant to 28 U.S.C. § 636.

On February 9, 2010, the magistrate judge entered her PF&R recommending that the petition be denied. She notes that petitioner's state court conviction became final in 1983. On April 11, 1995, he filed a section 2254 petition in this court. On October 6, 1995, the petition was dismissed. On April 11, 2000, he filed a state habeas petition.

On February 18, 2010, petitioner objected to the PF&R. The objections are meritless, however, in that they do not in any way counter the magistrate judge's limitations analysis.  For example, petitioner appears to assert that the instant petition is timely inasmuch as the state courts unduly delayed in adjudicating his requests for relief.  As suggested in the magistrate judge's PF&R, that contention is not supported by the record.

Our court of appeals has observed that "prisoners whose convictions became final any time prior to the effective date of the AEDPA had until" April 24, 1997, to file their § 2254 petition.  Brown v. Angelone, 150 F.3d 370, 375 (4th Cir. 1998). Prior to its expiration, this one-year limitation period would have been tolled during petitioner's pursuit of state collateral review.  See 28 U.S.C. § 2244(d)(2); Frasch v. Peguese, 414 F.3d 518, 521-22 (4th Cir. 2005).

Petitioner does not dispute that his state habeas petition was filed April 11, 2000.  Inasmuch as he does not appear to have had a state habeas petition pending at any time between April 23, 1996, through April 24, 1997, the AEDPA one-year limitation period was not tolled at any time, and expired on April 24, 1997.  The instant section 2254 petition is thus untimely.

Based upon a <u>de</u> <u>novo</u> review, and having found the objections meritless, the court adopts and incorporates herein the magistrate judge's PF&R.  It is ORDERED that petitioner's section 2254 petition be, and it hereby is, denied.

The Clerk is directed to forward copies of this written opinion and order to the petitioner, all counsel of record, and the United States Magistrate Judge.

DATED: June 17, 2010

John T. Copenhaver, Jr.
United States District Judge